```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


TARRY GREENE, et al.,            )
                                 )
            Plaintiffs,          )
                                 )
      v.                         )    No. 4:07CV00341(CDP)
                                 )
C.R.S.T. VAN EXPIDITED, INC.,    )
et al.,                          )
                                 )
            Defendants.          )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Tarry Greene for leave to commence this action without payment of the required filing fee [Doc. #2].[1]  See 28 U.S.C. § 1915(a).  Also before the Court is Greene's motion to appoint counsel [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee.  Therefore, plaintiff Tarry Greene will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).


**28 U.S.C. § 1915(e)**

---

[1]Although the complaint names Tarry Greene, Melissa Greene, and Tarry Greene III, as plaintiffs, the complaint (and all other pleadings) have been signed by only one person - which the Court presumes to be Tarry Greene.  Because this action is brought pro se, each plaintiff must sign the complaint and each pleading. Fed. R. Civ. P. 11(a).  Because the Court is dismissing this action pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will not send the complaint back to be signed by the two other alleged plaintiffs.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 ( 2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages against defendants C.R.S.T. Van Expidited, Inc. ("CRST"), Unknown Monroe (Police Officer), and Unknown Merriweather (Investigator).  Liberally construing the complaint, it appears that plaintiff drove a truck as an independent contractor under a contract with CRST, a trucking company.  It appears that a dispute arose between plaintiff and CRST concerning performance of the contract.  As a result of this

2

dispute, plaintiff "quit doing business" with CRST. Plaintiff states that CRST falsely reported that he had stolen its truck. On February 19, 2007, plaintiff was stopped while driving the truck by defendant Monroe because plaintiff had snow chains on. When Monroe checked the vehicle's license plate, Monroe was informed that the truck was stolen. Consequently, plaintiff was placed under arrest. Plaintiff contends that Monroe did not have a warrant when he made the arrest. Plaintiff also claims that these events violated several federal criminal laws and violated his constitutional rights.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent that plaintiff seeks relief for alleged violation of federal criminal laws, plaintiff lacks standing to prosecute any violations of federal law. The prosecution of federal crimes rests solely within the discretion of the United States Attorney. See Ray v. United States Dep't of Justice, 658 F.2d 608, 610 (8th Cir. 1981). As plaintiff has no private cause of action stemming from an alleged violation of federal criminal laws, plaintiff's damages claim should be dismissed.

To the extent plaintiff seeks relief for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983, the complaint fails to state a claim upon which relief may be

granted.  If a police officer has probable cause to believe an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.  Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).  From the complaint, defendant Monroe had probable cause to believe that plaintiff was driving a stolen truck based on the information provided to Monroe.  There is no indication that Monroe knew (or reasonably should have known) that the information given to him was false.  With respect to defendant Merriweather, plaintiff's complaint fails to indicate how Merriweather was personally and directly involved with the alleged deprivation of plaintiff's constitutional rights.  See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).  Finally, CRST is a private company, not a government agency.  Therefore, its actions generally do not constitute "state action" under 42 U.S.C. § 1983.

Because plaintiff and CRST appear to be citizens of the State of Tennessee, jurisdiction over plaintiff's state law claims

4

does not exist in this Court. 28 U.S.C. § 1332 (diversity jurisdiction).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED**, as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 9th day of July, 2007.

_____
**UNITED STATES DISTRICT JUDGE**